# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00105-CV

---

**S. W., Jr., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-17-002559, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

### NO. 03-20-00106-CV

---

**S. W., Jr., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-001078, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In these related cases that were tried together to the bench, S.W., Jr. (Father)

appeals from the trial court's final judgments terminating his parental rights to his children.[1] *See*

---

[1] We refer to appellant as "Father" or by his initials and the children by their initials only. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. In this Court's cause number

Tex. Fam. Code § 161.001. The trial court found by clear and convincing evidence that statutory grounds for terminating Father's parental rights existed and that termination was in the children's best interest. *See id.* § 161.001(b)(1)(N), (O), (2).

On appeal, Father's court-appointed attorney has filed a brief concluding that the appeals are frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646–47. Father's counsel provided him a copy of the *Anders* brief and informed him of his right to examine the appellate records and to file a pro se brief. To date, Father has not filed a pro se brief. Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records in both cases, including the *Anders* brief submitted on Father's behalf, and have found nothing that would arguably support an appeal in either case. We agree that the appeals are frivolous and without merit.

Based on our review of the records, however, we have found clerical errors in the final judgments in both cases. In this Court's cause number 03-20-00105-CV, the trial court's final judgment refers to Father without including his suffix "Jr." on pages 6, 7, 9, and 10, and

---

03-20-00105-CV, Father appeals from the termination of his parental rights to S.W., III. The trial court signed the final order in suit affecting the parent-child relationship on January 24, 2020. In this Court's cause number 03-20-00106-CV, Father appeals from the termination of his parental rights to T.W. The trial court signed the final decree of termination on January 30, 2020.

incorrectly refers to his child's suffix as "Jr." on pages 6 and 7.  In this Court's cause number 03-20-00106-CV, the trial court's final judgment refers to Father without including his suffix "Jr."

This Court is authorized to modify clerical errors when we have the necessary information to do so.  *See* Tex. R. App. P. 43.2(b) (authorizing appellate court to modify trial court's judgment and to affirm it as modified); *M.H. v. Texas Dep't of Family & Protective Servs.*, 2020 Tex. App. LEXIS 68, at \*14–15 (Tex. App.—Austin Jan. 8, 2020, no pet.) (mem. op.) (modifying judgment to correct clerical errors because appellate court had "necessary information to do so").  Because we have the necessary information to do so, we modify the judgments in both cases to include the suffix "Jr." when referring to Father's name and, in this court's cause number 03-20-00105-CV, to replace the suffix "Jr." with "III" when referring to appellant's child's name.  As modified, we affirm the trial court's final judgments terminating Father's parental rights.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Modified and, As Modified, Affirmed

Filed:   April 28, 2020

3